IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JONATHAN SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 3:10-CV-908-WKW |
| | ) |
| LEE COUNTY, ALABAMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On May 5, 2011, the Magistrate Judge filed a Recommendation (Doc. # 21) that this court grant Defendants' Motion to Dismiss (Doc. # 16) Plaintiff's 42 U.S.C. § 1983 Complaint. (Doc. # 1.) Plaintiff has filed a timely Objection to the Recommendation. (Doc. # 24.) Defendants have filed a Response. (Doc. # 25.) The court reviews *de novo* the portion of the Recommendation to which the Objection applies. 28 U.S.C. § 636(b)(1). For the reasons that follow, the Objection is due to be overruled and the Recommendation adopted.

**A.**     *Res Judicata*

Plaintiff's first objection is to the Magistrate Judge's conclusion that "[a]ll the elements of *res judicata* are met under Alabama law and [Plaintiff's] claims are precluded." (Doc. # 21, at 9.) Prior to filing this lawsuit, Mr. Simpson was a named

plaintiff in a civil action filed in Lee County Circuit Court, in which he and other plaintiffs asserted various state law claims against the same defendants based on the same incident. (Doc. # 16, Attach. 1; Compl., at 5-6.) Although much of Plaintiff's objection to the *res judicata* finding falls under his heading "Statute of Limitations," his argument is essentially that, as an incarcerated prisoner, he was unable to attend the May 3, 2010 court hearing, at which his claim was dismissed with prejudice for failing to appear and failing to respond to the state court defendants' motion to dismiss.

Plaintiff first argues that the state court judgment should not receive preclusive effect because he was not offered transportation to the May 3, 2010 hearing to oppose dismissal of the case. However, Plaintiff concedes that he received an order from the state court several days prior to the May 3, 2010 hearing, which authorized Plaintiff to attend the hearing but required him to make transportation arrangements with the Sheriff's Department and pay for such transportation. (Doc. # 24, at 5.) Based on Plaintiff's absence at the hearing, it is evident that Plaintiff made no such arrangements. Furthermore, the court is unaware of any right of a prisoner to have the state pay for transportation to court for a civil case in which the prisoner is a plaintiff. *See, e.g., Manning v. Tefft*, 839 F. Supp. 126, 130 (D.R.I. 1994) ("[G]enerally speaking, a prisoner who is a plaintiff in a civil case must bear the cost of transporting

himself to the place of trial and is not entitled to have that cost paid by the government.").

It appears that the rest of Plaintiff's *res judicata* argument is directed at the first element of the *res judicata* defense, that the state court's order of dismissal was not "on the merits" since Plaintiff never responded or appeared at the hearing. This argument is without merit because the state court dismissed the case with prejudice. *See Hammermill Paper Co. v. Montreal Boyette Sandlin Day*, 336 So. 2d 166, 168 (Ala. 1976) (holding that "[d]ismissal with prejudice of the prior action was an adjudication on its merits"); *Gonzalez, LLC v. DiVincenti*, 844 So. 2d 1196, 1203 (Ala. 2002) (same) (citing *Hammermill Paper Co.*).

### B.  Statute of Limitations

Plaintiff also objects to the Magistrate Judge's conclusion that his claims are barred by the statute of limitations, arguing that the limitations period should have been tolled "in order to prevent a total miscarriage of justice . . . ." (Doc. # 24, at 4.) The "miscarriage of justice" invoked by Plaintiff appears to be his contention that his failure to appear at the state court May 3, 2010 hearing was "[t]hrough no fault of his own." (Doc. # 24, at 5.) As discussed above, a prisoner is not entitled to have the government pay for transportation to and from a hearing in a civil case in which he is

a plaintiff.  *See Manning*, 839 F. Supp. at 130.  Plaintiff's tolling argument is due to be rejected.

Finally, because the court concludes that Plaintiff's Complaint is precluded by *res judicata* and barred by the statute of limitations, there is no need to address Plaintiff's contentions regarding the proper defendants for § 1983 relief.

Accordingly, it is ORDERED:

1. The Magistrate Judge's Recommendation (Doc. # 21) is ADOPTED;

2. Plaintiff's Objection (Doc. # 24) is OVERRULED; and

3. Defendants' Motion to Dismiss (Doc. # 16) is GRANTED.

An appropriate judgment will be entered.

DONE this 21st day of June, 2011.

                                                /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE